J-S32025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES WESTBROOK | |
| Appellant | No. 880 EDA 2015 |

Appeal from the PCRA Order March 6, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1105621-2004

BEFORE:  BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.:                       **FILED APRIL 15, 2016**

Appellant, James Westbrook, appeals from the March 6, 2015 order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9456.   In addition, Appellant's counsel has filed with this Court a petition to withdraw, together with a **Turner**/**Finley**[1] no-merit letter.   After careful review, we grant counsel's petition to withdraw and affirm.

We summarize the relevant procedural history of this case as follows. On January 26, 2005, Appellant entered a negotiated guilty plea to one

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super 1988) (*en banc*).

count of possession with the intent to deliver a controlled substance.[2] That same day, the trial court imposed a sentence of two to four years' imprisonment to run concurrently with all sentences he was then serving. Appellant did not file a direct appeal.

On April 11, 2013, Appellant filed a PCRA petition through the Defender Association of Philadelphia. On January 28, 2015, the PCRA court issued notice of its intention to dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On February 27, 2015, Appellant filed a *pro se* response to the Rule 907 notice. On March 6, 2015, the PCRA court dismissed the PCRA petition. Appellant timely filed, *pro se*, a notice of appeal on March 18, 2015.[3]

On April 29, 2015, appellate counsel entered his appearance on Appellant's behalf. On May 4, 2015, the PCRA court issued an order pursuant to Pennsylvania Rule of Appellate Procedure 1925, directing

_____

[2] 35 P.S. § 780-113(a)(30).

[3] We note that because Appellant was represented at the time he filed his *pro se* response to the Rule 907 notice and *pro se* notice of appeal, those filings may be deemed legal nullities. **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (noting that a defendant's *pro se* filings while represented by counsel are legal nullities), *appeal denied*, 936 A.2d 40 (Pa. 2007); **accord Commonwealth v. Hall**, 476 A.2d 7, 9-10 (Pa. Super. 1984). However, the subsequent actions of the PCRA court, this Court, and Appellant's counsel, discussed below, have perfected this appeal. **See Commonwealth v. Cooper**, 27 A.3d 994, 1008 (Pa. 2011) (holding that a *pro se* notice of appeal filed by a represented appellant shall be considered merely premature if counsel and the trial court take appropriate actions to perfect the appeal). Therefore, we do not quash this appeal.

Appellant to file a concise statement of errors complained of on appeal within 21 days. On May 13, 2015, the Defender Association of Philadelphia filed a motion to withdraw its representation, which the PCRA court granted on May 29, 2015.

On August 26, 2015, this Court issued a *per curiam* order remanding the case to the PCRA court to allow Appellant to file a Rule 1925(b) concise statement and for the preparation of an opinion by the PCRA court. On September 2, 2015, Appellant filed a Rule 1925(b) concise statement *nunc pro tunc* in the PCRA court. On October 13, 2015, the PCRA court issued its Rule 1925(a) opinion. The PCRA court returned the record to this Court and this case is now ready for disposition.

On November 4, 2015, counsel filed a petition to withdraw representation in this Court, together with a **Turner**/**Finley** no-merit letter. Appellant did not respond to the **Turner**/**Finley** letter.

In his **Turner**/**Finley** letter, counsel identifies the following issue Appellant seeks to have reviewed.

> 1. The PCRA [c]ourt erred by denying [A]ppellant a hearing and PCRA relief on his claim alleging that he was entitled to a new trial on account of newly-discovered evidence predicated on the arrest of the officer, who arrested [A]ppellant, for crimes including fabrication of evidence.

**Turner**/**Finley** Letter at 3.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are

supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, ***Edmiston v. Pennsylvania***, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). In order to be eligible for PCRA relief, a petitioner must establish that he has been convicted of a crime under the laws of this Commonwealth and is currently serving a sentence of imprisonment, probation, or parole for the crime. 42 Pa.C.S.A. § 9543(a)(1). A petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. ***Id.*** § 9543(a)(3). "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

In this case, the PCRA court dismissed Appellant's PCRA petition without conducting a hearing.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to

determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012), *quoting Commonwealth v. Turetsky*, 925 A.2d 876, 882 (Pa. Super. 2007) (citations omitted), *appeal denied,* 940 A.2d 365 (Pa. 2007); *see also generally* Pa.R.Crim.P. 907. "We stress that an evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim …." *Commonwealth v. Roney*, 79 A.3d 595, 604-605 (Pa. 2013) (citations and internal quotation marks omitted), *cert. denied*, *Roney v. Pennsylvania*, 135 S. Ct. 56 (2014). We review a PCRA court's decision to dismiss without a hearing for an abuse of discretion. *Id.* at 604.

Before we consider Appellant's arguments, we must review PCRA counsel's request to withdraw from representation. As described by our Supreme Court, the requirements PCRA counsel must adhere to when requesting to withdraw include the following.

> 1) A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PC[R]A counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless[.]

*Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009), *quoting Finley*, *supra* at 215. "Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007).

> [W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner/Finley*, the court - trial court or this Court - must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Id.* (citation omitted).

Here, we conclude that counsel has complied with the technical requirements of *Turner*/*Finley*. Specifically, counsel's *Turner*/*Finley* letter details the nature and extent of his review, addresses the claims Appellant raised in his PCRA petition and Rule 1925(b) statement, and determines that the issues lack merit. Counsel provides a discussion of Appellant's claim, explaining why the issue is without merit. Additionally, counsel served Appellant with a copy of the petition to withdraw and *Turner*/*Finley* letter, advising Appellant that, if counsel was permitted to withdraw, Appellant had the right to proceed *pro se* or with privately retained counsel. We proceed, therefore, to conduct an independent merits review of Appellant's claims.

Turning to the merits of Appellant's issues on appeal, Appellant has not pled or proved that he is eligible for PCRA relief. Appellant was sentenced on January 26, 2005 to two to four years' imprisonment, to run concurrently to any other sentence he was already serving. Therefore, it appears that Appellant's sentence maxed out on January 26, 2009. The PCRA court concluded that Appellant was not eligible for PCRA relief because he completed his sentence in 2009. PCRA Court Opinion, 10/13/15, at 3. Appellant's *pro se* response to the PCRA court's Rule 907 notice does not assert that he was still serving a sentence in this case or that he was eligible for PCRA relief. Similarly, in his **Turner**/**Finley** letter, appellate counsel concurs that Appellant's sentence concluded in 2009, and his PCRA claims are now moot. **Turner**/**Finley** Letter at 5-6. Likewise, the Commonwealth's brief states that Appellant's sentence was never revoked or modified, and it expired on January 26, 2009. Commonwealth's Brief at 5. Further, the Commonwealth advises that it has contacted the records supervisor for the Department of Corrections at State Correctional Institute Mahanoy, who confirmed that Appellant completed his sentence in this case on January 26, 2009. **Id.** at 5 n.3.

Appellant is ineligible for PCRA relief. To be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). Our Supreme Court has held that as soon as his sentence is completed, the

petitioner becomes ineligible for PCRA relief, regardless of whether he was serving his sentence when he filed the petition. *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *Commonwealth v. Matin*, 832 A.2d 1141, 1143 (Pa. Super. 2003), *appeal denied*, 843 A.2d 1237 (Pa. 2004). It is the petitioner's burden to plead and prove that he is currently serving a sentence in order to be eligible for PCRA relief. 42 Pa.C.S.A. § 9543(a)(1)(i). Appellant has failed to meet his burden to plead and prove he is serving a sentence in this case.

Based on the foregoing, we agree with counsel that the issues Appellant raises in this appeal are meritless. Further, the trial court did not abuse its discretion by disposing of Appellant's petition without a hearing. *See Roney*, *supra*. Therefore, we grant counsel's petition to withdraw, and we conclude the PCRA court properly dismissed Appellant's PCRA petition without a hearing because Appellant is not eligible for PCRA relief in this case. Accordingly, the PCRA court's March 6, 2015 order is affirmed.

Order affirmed. Petition to withdraw as counsel granted.

Judge Platt joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2016